UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HAROLD WOOD,                                           MEMORANDUM AND ORDER

                Plaintiff,                          CV 05-5564
       -against-                                     (Wexler, J.)

M&J RECOVERY LLC., REBECCA
GALLAGHER, BRENDA L. KRETSCHMAN,
ESQ., SHEKINAH, INC., SCOTT CASS,
NLRS, NY, PORTFOLIO PARTNERS and
G.M.K., LLC, GREG MACKINNON,
COLLINS LAW OFFICE and TIMOTHY
COLLINS,

                Defendants.
-----------------------------------------------------------X

APPEARANCES:

    THE LAW OFFICES OF JOSEPH MAURO, LLC
    BY: JOSEPH MAURO, ESQ.
    631 Montauk Highway,  Suite 6
    West Islip, NY 11795
    Attorneys for Plaintiff

    BRENDA L. KRETSCHMAN, ESQ.
    Defendant pro se
    17 Beresford Court
    Williamsville, NY 14221

    TRACHTENBERG RODES & FRIEDBERG, LLP
    BY: LEONARD A. RODES, ESQ.
    545 Fifth Avenue
    New York, NY 10017
    Attorneys for Defendants Shekinah, Inc. and Scott Cass

    SAHN WARD & BAKER, PLLC
    BY: JON A. WARD. ESQ.
    333 Earle Ovington Boulevard Suite 601
    Uniondale, NY 11553
    Attorneys for Defendants Portfolio Partners and GMK, LLC. and Greg MacKinnon

MEYERS & CHISOLM, PLLC
BY: NATASHA MEYERS, ESQ.
775 Park Ave. Suite 240
Huntington, NY 11743
Attorneys for Defendants Collins Law Offices, LLC and Timothy Collins

WEXLER, District Judge

This is an action commenced by Plaintiff alleging that the various defendants violated the Federal Fair Debt Collection Practices Act ("FDCPA") and New York State law when attempting to collect a single debt in the amount of approximately $3,000 ("Plaintiff's Debt"). Cross claims have been asserted among the Defendants. These cross claims relate to the ownership and right to collect Plaintiff's Debt, along with approximately 2,500 other debts amounting to several million dollars.

Plaintiff has reached a settlement as to his claims with Defendants Portfolio Partners, G.M.K., LLC, Greg MacKinnon, Collins Law Office, LLC and Timothy Collins. Pursuant to this settlement, the parties submitted a stipulation providing for voluntary dismissal of all of Plaintiff's claims (including those not specifically settled with the remaining Defendants) with prejudice. The stipulation also provides that the cross claims asserted among the various Defendants are not to be dismissed, but to be litigated in this forum. Defendants Shekinah, Inc. and Scott Cass have expressed the position that they will not enter into the proposed settlement with Plaintiff unless they can continue to litigate their related claims here.

Noting that Plaintiff's FDCPA claim was the sole basis for federal jurisdiction, this court raised the issue of whether, after dismissal of Plaintiff's claim, subject matter jurisdiction remains over the cross claims. The court instructed the parties to submit letters on this issue. Those letters are presently before the court.

BACKGROUND

I.     The Defendants/Cross Claimants

The complaint and subsequent amended complaint named eleven separate Defendants. Three Defendants defaulted, leaving eight Defendants before the court. The Defendants that defaulted and are no longer involved in this litigation are: (1) M&J Recovery, LLC ("M&J"); (2) Rebecca Gallagher and (3) NLRS, NY ("NLRS") (collectively the "Defaulting Defendants").

The remaining group of eight Defendants, who have asserted cross claims against each other, includes three groups of affiliated Defendants and one individual Defendant. Those parties are as follows:

- Shekinah Defendants:         Shekinah, Inc. and Scott Cass

- Portfolio Defendants:         Portfolio Partners, G.M.K., LLC and Greg MacKinnon

- Collins Defendants:           Collins Law Office and Timothy Collins

- Individual Defendant:         Brenda Kretchman (alleged to have worked for defaulting defendant M&J)

II.    The Cross-Claims

As noted, the cross claims relate to ownership and the right to collect Plaintiff's Debt along with several additional debts. Cross-claims have been asserted among all non-defaulting Defendants. The allegations of those claims follow.

A.     Shekinah Cross-Claim

The Shekinah cross claims assert that it sold a group of debts to defaulting defendant NLRS for approximately $300,000 (the "Receivables"). The Receivables are alleged to have included Plaintiff's Debt and others evidencing over $9 million in debt. NLRS was to pay for the Receivables in five installments. After payment of the first installment, NLRS advised

3

Shekinah that it was unable to make the remaining payments.  At that time, Shekinah states that it modified its agreement with NLRS so that in consideration for the first installment payment, NLRS would receive only one-fifth of the Receivables, evidencing approximately $1 million in debt.  The identity of the Receivables to be purchased by NLRS was to be determined at random.  Shekinah alleges that Plaintiff's Debt was not included in the one-fifth of the Receivables ultimately purchased by NLRS and that Shekinah, therefore, remained the owner of the majority of the Receivables, including Plaintiff's Debt.

### B. The Portfolio Cross-Claims

The Portfolio Defendants assert three separate cross-claims, one of which is relevant to the present posture of this case.[1]  That cross-claim is asserted against Shekinah and alleges that Portfolio, and not Shekinah, is the rightful owner of the Receivables.  Portfolio bases its claim to ownership of the Receivables, including the Plaintiff's Debt, pursuant to contracts for purchase entered into with all or some of the Defaulting Defendants.

### C. The Collins Cross-Claim

The Collins Defendants do not assert ownership of the Receivables.  Instead, these Defendants assert that they were hired to collect, inter alia, Plaintiff's Debt.  They assert cross claims against all other Defendants for indemnification and contribution.  Specifically, the Collins Defendants assert that they received an assignment from the Portfolio Defendants to collect a group of debts, including Plaintiff's Debt.  It is asserted, upon information and belief, that the Portfolio Defendants purchased the debts it assigned for collection to the Collins

---

[1] Non-relevant cross-claims are for indemnification in the event that plaintiff prevailed (asserted against Shekinah and the defaulting defendants) and a claim for breach of contract asserted against the defaulting Defendants.

Defendants from defaulting Defendant NLRS. The Collins Defendants allege injury as a result of the other Defendants' interference with their right to collect the debts.

### D. The Kretchman Cross-Claim

Individual Defendant Kretchman asserts a cross claim against all Defendants. Like the Collins Defendants, Kretchmer does not allege ownership of the Receivables but alleges that Plaintiff's Debt and others were placed with her for collection. She alleges receipt of the right to collect on these debts from the Portfolio Defendants.

## III. The Parties' Positions

In response to this court's inquiry regarding the basis of federal jurisdiction over the cross-claims that would remain after dismissal of Plaintiff's FDCPA claim, the Shekinah Defendants and the Portfolio Defendants assert subject matter jurisdiction based upon diversity of citizenship, 28 U.S.C. §1332, and supplemental jurisdiction pursuant to 28 U.S.C. §1367. The Collins Defendants do not comment on the existence of diversity jurisdiction but assert that this court should not exercise supplemental jurisdiction over the cross claims. Kretchmer has taken no position as to the exercise of jurisdiction over the cross claims.

## DISCUSSION

### I. Subject Matter Jurisdiction

In support of the argument that diversity jurisdiction exists, the Shekinah Defendants and the Portfolio Defendants point out that complete diversity exists with respect to the cross claims asserted by these Defendants. In view of the fact that the Shekinah Defendants are citizens of the State of Nevada and the Portfolio Defendants are citizens of the State of New York, the court agrees that the exercise of subject matter jurisdiction over these claims is appropriate pursuant to

28 U.S.C. §1332.

As to the remaining claims, this court has the discretion to exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367. That statute provides that supplemental jurisdiction over state claims may be exercised where those claims are so related to the main claim as to be a part of the same Constitutional case or controversy. 28 U.S.C. §1367(a). Even in such cases the court may decline to exercise jurisdiction under circumstances enumerated in the statue, included cases where the state claim raises a novel issue of state law or there are "compelling reasons" for declining to exercise jurisdiction. See 28 U.S.C. §1367(c).

Upon consideration of the issues raised in the cross claims and their relation to diversity claim between the Nevada Shekinah Defendants and the New York Portfolio Defendants, the court holds that the exercise of supplemental jurisdiction, pursuant to 28 U.S.C. §1367 over those claims is appropriate. Accordingly, despite the dismissal of Plaintiff's claims, the court will continue to exercise jurisdiction over the cross-claims.

II.     Venue

As noted, the court requested counsel to submit letters on the issue of continuing subject matter jurisdiction. The Portfolio Defendants' response to the court's request raised the additional issue of venue. While these Defendants agreed with the Shekinah Defendants' position as to the existence of diversity jurisdiction, the Portfolio Defendants raised, for the first time in this litigation, the issue of the propriety of venue. Taking the position that the court should view the diversity cross claim as if it were a newly filed action, the Portfolio Defendants argue that venue is improper in this District and that the case should have been venued in the Western District of New York.

The court declines to dismiss this case for lack of venue or to transfer venue at this stage in the proceedings. This case has been pending for over one year. No objection to venue was raised in the Portfolio Defendants' answer and no motion was ever made as to venue. Venue was clearly appropriate at the time the action was filed and the Portfolio Defendants cite no authority supporting the argument that venue must now be reevaluated.

To the extent that the Portfolio Defendants' submission is entertained as a motion to dismiss for improper venue, or to transfer the case to a different district, they must, in accord with the rules of this court, seek a pre-motion conference on the issue. The court notes, however, that any objection to defective or improper venue "may be forfeited, if not raised at the appropriate time." Moreno-Bravo v. Gonzales, 463 F.3d 253, 258 (2d Cir. 2006); see also Ferraro Foods, Inc. v. M/V Cumhuriyet 75, 2001 WL 940562 *3 (S.D.N.Y. 2001) (objection to venue held waived where raised in neither answer nor motion to dismiss); Daniel v. American Bd. of Emergency Medicine, 1997 WL 785635 *2 (W.D.N.Y. 1997) (same).

## CONCLUSION

In view of the foregoing, the court hereby dismisses Plaintiff's complaint and the counterclaim of the Portfolio Defendants with prejudice and without costs, disbursements or attorneys' fees. The court will retain jurisdiction over the pending cross claims. The parties are directed to contact the Magistrate Judge assigned to this case for the purpose of entering into an

expedited schedule of discovery.


SO ORDERED

                                                      _____
                                                    LEONARD D. WEXLER
                                                    UNITED STATES DISTRICT JUDGE


Dated:  Central Islip, New York
         March    , 2007